IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JOSHUA P. SCARBOROUGH, <br><br> Petitioner, <br><br> vs. <br><br> STATE OF MONTANA, ATTORNEY GENERAL OF THE STATE OF MONTANA, <br><br> Respondents. | Cause No. CV 18-48-BLG-SPW-TJC <br><br> ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On March 6, 2018, Petitioner Joshua P. Scarborough, a state prisoner proceeding pro se, filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). On March 16, 2018, Scarborough filed a supplement to his petition. (Doc. 4).

**I.     Motion To Proceed In Forma Pauperis**

Scarborough seeks leave of the Court to proceed in forma pauperis. (Doc. 3). Although Scarborough has not provided the requisite inmate account statement, there is no reason to delay this matter further. Scarborough's motion (Doc. 3) will be granted.

**II.    28 U.S.C. § 2254 Petition**

The Court is required to screen all actions brought by prisoners who seek

1

relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fail to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases. As set forth below, Mr. Scarborough's petition should be dismissed because the entire petition is unexhausted, and at least one of the claims is not cognizable in federal habeas. Dismissal should be without prejudice.

### i. Procedural History

On February 7, 2018, written judgment was entered against Mr. Scarborough in Montana's Thirteenth Judicial District Court, Yellowstone County. (Doc. 1 at 2, ¶¶ 1-2). Scarborough was convicted of four counts of criminal possession of dangerous drugs and two counts of criminal endangerment. *Id.* at 3, ¶ 3. Scarborough was sentenced to five consecutive 5-year sentences for an aggregate sentence of twenty-five years. *Id.* at ¶ 4. Scarborough indicates he signed a plea agreement that called for a 15-year sentence and minimal fines. *Id.* at 7, ¶ 16. Scarborough contends that the sentencing judge was required to make certain considerations under state law, including incarceration alternatives,[1] because he is

---

[1] Scarborough relies on Mont. Code Ann. § 46-18-101, a statue outlining the state's "Correctional and Sentencing Policy." Particularly, Scarborough focuses on subsection (3)(b)

2

a non-violent offender. *Id.* Scarborough also indicates he is unable to pay the financial obligations imposed by the court. *Id.* 4, 7. According to Scarborough, the sentencing judge unlawfully failed to make the requisite considerations in imposing sentence, and also failed to clearly state the reasons for the sentence imposed. (Doc. 4).

Scarborough did not file a direct appeal. He indicates he has requested his attorney file for direct review on his behalf, but his attorney apparently refuses to do so. (Doc. 1 at 3, ⁋ 6; 4, ⁋ 10). Scarborough has also not sought post-conviction relief or filed a state habeas petition, *id*. at 3-4, but he recently filed for sentence review. *Id*. at 6, ⁋ 14. Scarborough seems to indicate his trial counsel was ineffective for not only failing to file an appeal, but also for failing to spend adequate time meeting with Scarborough and preparing a defense. (Doc. 4). Scarborough requests this Court appoint him a lawyer to help "clean up" his state cases and sentences. (Doc. 1 at 7, ⁋ 16).

    ii.    Analysis

As a preliminary matter, it does not appear that Scarborough's sentencing claim is cognizable in habeas. 28 U.S.C. § 2254(a) states: "[A] district court shall

---

that calls for sentences "commensurate with the punishment imposed on other persons committing the same offenses," and (3)(f) which states "[s]entencing practices must provide alternatives to imprisonment for the punishment of those nonviolent felony offenders who do not have serious criminal records." *See* (Doc. 1 at 7, ⁋ 16); *see also* (Doc. 4).

3

entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *See also* Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)(citations omitted). "[E]rrors of state law do not concern us unless they rise to the level of a constitutional violation." *Oxborrow v. Eikenberry*, 877 F. 2d 1395, 1400 (9th Cir. 1989). To state a cognizable federal habeas claim based on a claimed state sentencing error, a petitioner must show that the alleged error was "so arbitrary or capricious as to constitute an independent due process violation." *Richmond v. Lewis*, 506 U.S. 40, 50 (1992). Scarborough has made no such showing.

To the extent that Scarborough attempts to challenge the state court's application of Montana state sentencing law in his case, the claim is not cognizable in a federal habeas proceeding. Moreover, Scarborough has not demonstrated that the trial court arbitrarily or capriciously erred in the exercise of its sentencing discretion. But these are not the only defects from which Scarborough's petition suffers; his claims are also unexhausted.

Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has

4

exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). The exhaustion requirement is grounded in the principles of comity and gives states the first opportunity to correct alleged violations of a prisoner's federal rights. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id. See also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (discussing *Picard v. Connor*, 404 U.S. 270 (1971) and *Anderson v. Harless*, 459 U.S. 4 (1982)). A petitioner must meet all three prongs of the test in one proceeding.

To the extent that Scarborough raises a claim that is cognizable in federal habeas, such as ineffective assistance of counsel, it does not relieve him of the burden of first presenting such claims to the state courts. As set forth above, Scarborough has yet to file a direct appeal, either pro se or with the assistance of counsel. Likewise, Scarborough has not sought postconviction or habeas relief in the state courts. Thus, the Montana state courts have not had the opportunity to adjudicate the claims Scarborough seeks to advance before this Court.

Accordingly, there are still remedies available under state law, including direct, extraordinary, and collateral review. Because Scarborough has not exhausted his available state court remedies, this Court cannot review the claim. *See Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal is **without prejudice**, and Scarborough may return to this Court if and when he fully exhausts the claims relative to his current custody in the state court system.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Scarborough has not made a substantial showing that he was deprived of a

6

constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability should be denied.

Based on the foregoing, the Court makes the following:

## ORDER

Scarborough's motion for leave to proceed in forma pauperis (Doc. 3) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

## RECOMMENDATION

1. The Petition (Doc. 1) should be DISMISSED without prejudice for failure to exhaust.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Scarborough may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar

---

[2] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C)

a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Scarborough must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u>  Failure to do so may result in dismissal of his case without notice to him.

DATED this 9th day of April, 2018.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge

---

(mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Scarborough is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.